1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   JAVIER BALBUENA,

11               Petitioner,                    No. 2: 11-cv-0759 JAM KJN P

12         vs.

13   M.D. McDONALD, et al.,

14               Respondents.           FINDINGS AND RECOMMENDATIONS

15   _____/

16   I.  Introduction

17               Petitioner is a state prisoner, proceeding without counsel, with a petition for writ

18   of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is respondent's motion

19   to dismiss filed August 1, 2011.  After carefully considering the record, the undersigned

20   recommends that respondent's motion be granted.

21   II.  Petitioner's Claims

22               This action is proceeding on the amended petition filed May 4, 2011.  Petitioner

23   raises the following claims.  First, petitioner alleges that there was insufficient evidence to

24   support the 2008 decision by the California Board of Parole Hearings ("BPH") finding him

25   unsuitable for parole.  In support of this claim, petitioner alleges that the BPH relied on

26   erroneous information in finding him unsuitable.  Second, petitioner alleges that the lawyer

1

representing him at the 2008 suitability hearing was ineffective.  Third, petitioner alleges that the BPH violated the Ex Post Fact Clause by retroactively applying California Penal Code § 3041.5 and setting his next suitability hearing in five years.  Petitioner also generally alleges that he is being held in prison in violation of his constitutional rights.  This general claim appears to be made in support of the first three claims.

III.  Motion to Dismiss

      A.  Exhaustion

Respondent first argues that this action should be dismissed because petitioner failed to exhaust state court remedies.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion, thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985).

A federal claim is fairly presented if the petitioner has described the operative facts and the federal legal theory upon which his claim is based.  See Wooten v. Kirkland, 540 F.3d 1019, 1025 (9th Cir. 2008) ("Fair presentation requires that a state's highest court has 'a fair opportunity to consider and to correct [the] asserted constitutional defect.'").

Respondent argues that petitioner has not exhausted his Ex Post Facto claim because it has not been presented to the California Supreme Court.  Respondent states that petitioner filed a habeas corpus petition in the California Supreme Court raising the other claims raised in this action, but not the Ex Post Facto claim.  A copy of this petition is attached as exhibit 1 to respondent's motion.  After reviewing this petition, the undersigned agrees that petitioner did not raise his Ex Post Facto claim in this petition.  In his opposition to respondent's

motion, petitioner does not deny that he did not raise his Ex Post Facto claim in this petition or any other petition filed in the California Supreme Court.  Accordingly, the undersigned finds that petitioner's Ex Post Facto Claim is not exhausted.

In denying petitioner's habeas corpus petition that raised petitioner's remaining claims, the California Supreme Court issued an order citing only People v. Duvall, 9 Cal.4th 464, 474 (1995).  (Dkt. No. 17-1 at 2.)  Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations."  Duvall, 9 Cal.4th at 474.

Respondent argues that the citation to Duvall indicates that petitioner did not fairly present his claims to the California Supreme Court because he did not attach the entire transcript from the 2008 suitability hearing to his California Supreme Court petition.  Pages 1-32 of the transcript from petitioner's 2008 suitability hearing are attached to his habeas petition filed in the California Supreme Court.  (Dkt. No. 17-1 at 83-114.)   According to the index from this transcript, the entire transcript is 118 pages long.  (Id. at 84.)

In the opposition to the motion to dismiss, petitioner claims that he provided the California Supreme Court with the entire transcript from his 2008 suitability hearing.   In the reply, respondent states that respondent's counsel provided this court with the entire record furnished to him by the California Supreme Court, which did not include an entire copy of the transcript.

Based on the present record, the undersigned is skeptical of petitioner's claim that he filed the entire copy of his 2008 suitability hearing transcript with the California Supreme Court.  However, the undersigned need not resolve this issue because petitioner's remaining claims are without merit.  28 U.S.C. § 2254(b)(2) (a habeas corpus petition may be denied on the merits notwithstanding the failure to exhaust state court remedies).

    B.  Merits

    In the motion to dismiss, respondent argues that, in the alternative, petitioner's claim alleging insufficient evidence to support the 2008 finding of unsuitability should be dismissed as legally meritless.  In this claim, petitioner argued that the BPH relied on an erroneous psychological evaluation in finding him unsuitable for parole.  Petitioner also generally argues that the 2008 suitability decision was not supported by sufficient evidence.

    The Due Process Clause of the Fourteenth Amendment prohibits state action that deprives a person of life, liberty, or property without due process of law.  A litigant alleging a due process violation must first demonstrate that he was deprived of a liberty or property interest protected by the Due Process Clause and then show that the procedures attendant upon the deprivation were not constitutionally sufficient.  Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 459-60 (1989).

    A protected liberty interest may arise from either the Due Process Clause of the United States Constitution "by reason of guarantees implicit in the word 'liberty,'" or from "an expectation or interest created by state laws or policies."  Wilkinson v. Austin, 545 U.S. 209, 221 (2005) (citations omitted).  The United States Constitution does not, of its own force, create a protected liberty interest in a parole date, even one that has been set.  Jago v. Van Curen, 454 U.S. 14, 17-21 (1981); Greenholtz v. Inmates of Neb. Penal, 442 U.S. 1, 7 (1979) (There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  However, "a state's statutory scheme, if it uses mandatory language, 'creates a presumption that parole release will be granted' when or unless certain designated findings are made, and thereby gives rise to a constitutional liberty interest."  Greenholtz, 442 U.S. at 12; see also Board of Pardons v. Allen, 482 U.S. 369, 376-78 (1987) (a state's use of mandatory language ("shall") creates a presumption that parole release will be granted when the designated findings are made.).

////

California's parole statutes give rise to a liberty interest in parole protected by the federal due process clause. Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011). In California, a prisoner is entitled to release on parole unless there is "some evidence" of his or her current dangerousness. In re Lawrence, 44 Cal.4th 1181, 1205-06, 1210 (2008); In re Rosenkrantz, 29 Cal.4th 616, 651-53 (2002). However, in Swarthout the United States Supreme Court held that "[n]o opinion of [theirs] supports converting California's 'some evidence' rule into a substantive federal requirement." Swarthout, 131 S. Ct. at 864. In other words, the Court specifically rejected the notion that there can be a valid claim under the Fourteenth Amendment for insufficiency of evidence presented at a parole proceeding. Id. at 864. Rather, the protection afforded by the federal due process clause to California parole decisions consists solely of the "minimal" procedural requirements set forth in Greenholtz, specifically "an opportunity to be heard and . . . a statement of the reasons why parole was denied." Swarthout, 131 S. Ct. at 863-64.

The portion of the 2008 suitability hearing transcript in the record, as well as petitioner's own briefing, demonstrates that petitioner was present at the 2008 suitability hearing. Therefore, petitioner had an opportunity to be heard at this hearing. The record does not contain the portion of the transcript where the BPH gave the reasons for its decision. However, the amended petition includes a section titled "Board Decision," where petitioner discusses the reasons the BPH found him unsuitable for parole in 2008. (Dkt. No. 8 at 29-31.) In this section of the amended petition, petitioner cites pages from the 2008 suitability hearing transcript where the BPH gave the reasons for its decision. Accordingly, although the record does not include the portion of the transcript where the BPH gave the reasons for its decisions, the record clearly shows that petitioner was given a statement of the reasons why parole was denied in 2008. For these reasons, the undersigned finds that petitioner was granted all the due process to which he was entitled at the 2008 suitability hearing.

////

1        Petitioner argues that he was denied the effective assistance of counsel at the 2008

2   parole suitability hearing.  The undersigned is aware of no authority standing for the proposition

3   that the Sixth Amendment guarantees representation at parole suitability hearings.  In an

4   unpublished disposition, the Ninth Circuit Court of Appeals has noted that "there does not appear

5   to be a constitutionally recognized right to counsel at parole hearings."  Redd v. Marshall, 1994

6   WL 279230, at *3 n. 7 (9th Cir. June 22, 1994); see also Gagnon v. Scarpelli, 411 U.S. 778, 790

7   (1973) (right to counsel only in minority of parole and probation revocation hearings where

8   fundamental fairness requires it).  "Without a right to the appointment of counsel, there can be no

9   right to the effective assistance of counsel."  Martinez v. Schriro, 623 F.3d 731, 743 (9th Cir.

10  2010).  Accordingly, petitioner's claim of ineffective assistance of counsel at his 2008 suitability

11  hearing is without merit.

12        In conclusion, the undersigned recommends that respondent's motion to dismiss

13  petitioner's Ex Post Facto claim be granted on grounds that this claim is not exhausted.  The

14  undersigned recommends that respondent's motion to dismiss petitioner's remaining claims be

15  granted on the grounds that they are without merit.

16        Accordingly, IT IS HEREBY RECOMMENDED that respondent's motion to

17  dismiss (Dkt. No. 17) be granted.

18        These findings and recommendations are submitted to the United States District

19  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-

20  one days after being served with these findings and recommendations, any party may file written

21  objections with the court and serve a copy on all parties.  Such a document should be captioned

22  "Objections to Magistrate Judge's Findings and Recommendations."  If petitioner files

23  objections, he shall also address whether a certificate of appealability should issue and, if so, why

24  and as to which issues.  A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

25  the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. §

26  2253(c)(3).  Any response to the objections shall be filed and served within fourteen days after

service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 8, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bal759.mtd